# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 23-1627V

---

NAZEER LOFTI-FARD,

              Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

              Respondent.

Chief Special Master Corcoran

Filed: June 9, 2026

---

*Stephen Boscak, Gembala, McLaughlin & Pecora Co., LPA, Sheffield Village, OH, for Petitioner.*

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION ON ATTORNEY'S FEES AND COSTS[1]

On September 21, 2023, Nazeer Lotfi-Fard filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, et seq. (the "Vaccine Act"), which he amended on April 26, 2024. Petitioner alleges that he suffered a shoulder injury related to vaccine administration resulting from an influenza vaccine received on September 21, 2020. Amended Petition at 1. On June 24, 2025, I issued a decision awarding compensation to Petitioner based on the parties' stipulation. ECF No. 39.

---

[1]Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services).  **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $20,040.73 (representing $19,308.50 in fees plus $732.23 in costs). Motion for Attorneys' Fees and Costs ("Motion") filed January 28, 2026, ECF No. 43. Furthermore, counsel for Petitioner represents that no personal out-of-pocket expenses were incurred. ECF No. 43-1 at 4.

Respondent reacted to the motion on February 5, 2026, indicating that he is satisfied the statutory requirements for an award of fees are met in this case but deferring resolution of the amount to be awarded to my discretion. Motion at 2-4, ECF No. 45. Petitioner filed no reply thereafter.

**ANALYSIS**

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

2

## ATTORNEY FEES

Petitioner requests that I apply the following hourly rates for attorney Stephen M. Bosak: the rate of $375.00 per hour for work performed in 2024; $400.00 for 2025; and $450.00 for work performed in 2026. Additionally Petitioner requests the rate of $225.00 for work performed by attorney Luciano Valerio, and rates between $170.00 - $195.00 for work performed by paralegal Megan Hernandez. Petitioner represents that Mr. Bosak has been a licensed attorney since 2014, and was admitted to the Court in 2023. He has approximately ten years of legal experience prior to focusing his practice on representing petitioners in the Vaccine Injury Compensation Program. I find these requested rates to be reasonable, and they shall be awarded herein. The requested rates for paralegal Megan Hernandez is reasonable and shall be awarded herein.

Attorney Valerio billed 0.70 hours of work in this matter in 2023, at the rate of $225.00, but without being admitted to this Court. Such work can only be billed at a paralegal rate, however. I thus hereby award Mr. Valerio the hourly rate of $180.00 for work performed in 2025. **This results in a reduction of $31.50.**

## ATTORNEY COSTS

Petitioner requests reimbursement of $732.23 in costs, representing the Court's filing fee, postage and medical records. Respondent offered no specific objection to the rates or amounts sought. I find the requested cost reasonable and shall be awarded.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded $20,009.23 (representing $19,277.00 in fees plus $732.23 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this Decision.[2]

**IT IS SO ORDERED.**

---

[2] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.

3

**s/Brian H. Corcoran**
Brian H. Corcoran
Chief Special Master

4